THE GEORGIA PACIFIC RAILWAY COMPANY *v.* LUTHER.

A motion for a new trial was properly dismissed at the hearing where no approved brief of the evidence was filed by the movant within the time given by order of court for filing such brief, or at any time whatever. The bill of exceptions contains no exception to any refusal by the court to approve the alleged brief of evidence, and does not show that it was ever agreed upon by the parties or approved by the court as correct, but shows affirmatively that it was filed without the court's approval.    *Judgment affirmed.*
August 27, 1892.

New trial. Practice. Brief of evidence. Before Judge HARRIS. Carroll superior court. October term, 1891.

In October, 1890, Luther obtained a verdict against the railway company. Defendant made a motion for new trial, the hearing of which was first assigned for November 5, 1890, and defendant was allowed until that time, by order of the court, to file an approved brief of the evidence. By regular orders the time for said hearing and within which to file an approved brief of the evidence was postponed until October 24, 1891, when, as appears by the record, an order was passed reciting that, whereas the motion was set to be heard in vacation and was not then heard, but by an order set for hearing at "this, the October term of the superior court," and whereas it has not been heard, and said court is to be adjourned to the 8th day of December next, it is ordered that the motion be set for a hearing in vacation and be heard on the first Monday in November next. On November 2, 1891, as appears from the record, an order was passed reciting that the motion having been set for a hearing on that day, the parties agreeing thereto, it was ordered by the court that the hearing be continued until November 16th, and that the movant have until then to perfect the motion and have approved and filed a brief of the evidence to

the same extent as such rights existed on November 2, 1891, this continuance not to affect the rights of either party as they existed on November 2, 1891, and if the right to perfect the motion and file an approved brief of the evidence existed then, it could be done on November 16, 1891. On November 16, 1891, at chambers, as appears by the record, the motion for new trial was called for a hearing, and plaintiff moved to dismiss it on the ground that movant had failed to have approved and filed a brief of evidence in the case in accordance with the orders in the case, which motion was sustained, and to which ruling defendant excepted.

There is some variance between the record and the bill of exceptions. The bill of exceptions states that by regular orders the time for the hearing and within which to file an approved brief of the evidence, was postponed until November 14, 1890, thence until January 12, 1891, thence until April 9, 1891, thence until October 24, 1891, thence until November 2, 1891, and thence until November 16, 1891, at which last date the motion was continued without mention of the brief of evidence; and that thereupon on November 16, 1891, the date assigned for the hearing of the motion, the same was dismissed by the court upon motion of plaintiff's counsel; and that the brief of evidence referred to was filed in the clerk's office on November 13, 1891, without the court's approval.

JACKSON & JACKSON and EMMETT WOMACK, for plaintiff in error.

P. H. BREWSTER and ADAMSON & JACKSON, *contra*